Informal Opinion No. 97-29 John D. Cameron, Esq. Town Attorney Town of New Berlin P. O. Box E New Berlin, N Y 13411
Dear Mr. Cameron:
You have asked a number of questions about the authority of the Town of New Berlin, the City of Norwich and Chenango County to regulate the operation of motor boats on Chenango Lake. You advise that the lake is located entirely within the town and that the city owns approximately 92% of the lakefront. You also have raised other questions dealing with entirely separate matters to which we will respond separately.
Town Law § 130 states that the town board, after a public hearing, may enact, amend and repeal ordinances, rules and regulations not inconsistent with law for a variety of purposes, including regulating the operation of vessels upon waters within or bounding the town. Section 130 authorizes the town board to include provision for the issuance and revocation of permits, the appointment of officers or employees to enforce such ordinances and for the collection of any reasonable uniform fee in connection therewith.
Subsection 130(17) on regulation of vessels authorizes a town, except when prohibited by State or Federal law, to enact ordinances
[r]egulating the speed and regulating and restricting the operation of vessels and, in the counties of Westchester, Saratoga, Warren and Suffolk the size and horsepower of inboard and outboard motors, while being operated or driven upon any waters within or bounding the town to a distance of fifteen hundred feet from the shore. . . .
Town Law § 130(17)(1)(a). The subsection also authorizes regulations within fifteen hundred feet concerning anchoring or mooring of vessels, including those used as living or sleeping quarters, restricting and regulating sewage disposal and garbage removal from vessels, and designating public anchorage areas. Id. § 130(17)(1)(b), (c), (d) and (e).
This subsection authorizes the town to enact significant regulations regarding motor boats within fifteen hundred feet of shore, but it limits the authority to regulate the size and horsepower of motor boats to towns in four designated counties. You have asked whether Municipal Home Rule Law § 10(1)(ii)(d)(3) permits the town to adopt a local law that supersedes Town Law § 130(17) and regulates the size and horsepower of motor boats permitted to operate on Chenango Lake.
Municipal Home Rule Law § 10(1)(ii)(d)(3) authorizes towns to enact local laws superseding the provisions of the Town Law on subjects that fall within the towns' home rule powers, unless the Legislature expressly prohibits adoption of local laws on a particular subject. Jurisdiction over New York's navigable waters is held by the State and specifically by the Commissioner of Environmental Conservation. Navigation Law § 30; Op Atty Gen (Inf) No. 84-53. Some powers over navigable waters have been delegated to local authorities, but those grants are narrow and specific.
The provisions of Town Law § 130(17) discussed above, for example, give towns a precisely defined authority to regulate certain activities on a portion of the State's navigable waters. See also, Navigation Law §§ 46 and 46-a (which authorize counties and other municipalities to establish vessel regulation zones for limited purposes in defined circumstances); Navigation Law article 4 (which gives local enforcement officers the authority to enforce certain specific provisions on particular lakes). It is our opinion that without a specific grant of authority by the Legislature, the town otherwise lacks the authority to regulate navigable waters. Thus, we conclude that the town may not enact a local law superseding Town Law § 130(17)(1)(a) to regulate the size and horsepower of motor boats permitted upon Chenango Lake.
You also have asked about other municipalities' authority to regulate the use of motor boats on the lake. Navigation Law § 46 provides that the governing body of a county, or, if the county takes no action, the governing body of a city or incorporated village may establish a "vessel regulation zone" for all or part of a body of water within the county or for the part of a body of water adjacent to a city or village. A governing body may establish such a zone to promote the safety of the people and the best interests of the municipality. The municipality may regulate the speed of vessels within the zone. We previously have concluded that the intent of this section was to authorize speed limits but not to permit the ban of certain types of vessels or activities. Op Atty Gen (Inf) Nos. 94-26; 83-75. Thus, this section does not authorize the county or city to limit the size and horsepower of motor boats operated on the lake.
Navigation Law § 46-a authorizes a city or village to adopt, amend and enforce local laws, rules and regulations not inconsistent with State or Federal law to regulate the speed and regulate and restrict the operation of vessels while being operated or driven upon any waters within or bounding the city or village within fifteen hundred feet of the shore. This provision also authorizes regulation of the anchoring and mooring of vessels, including those used for living or sleeping quarters, restriction and regulation of garbage removal from such vessels, designation of public anchorage areas and regulation of their use. Again, this section does not expressly authorize regulation of the size and horsepower of motor boats. Legislative history demonstrates that the section was not intended to authorize such regulation. Section 46-a derives from a provision of the Village Law enacted in 1935. L 1935 ch 346. The same language was used in a 1938 addition to the Town Law which eventually became Town Law § 130(17), set forth above. L 1938 ch 309. The language of the two provisions remains similar. However, when the Legislature wished to empower towns in specified counties to regulate the size and horsepower of motor boats, it added a provision to section 130(17) making an express authorization. If it had intended Navigation Law § 46-a to confer a similar power, it would also have added an express authorization to that provision. Since it did not, section 46-a cannot be read to authorize regulation of the size and horsepower of motor boats. See also, the discussion of vessel regulation zones above where we also construed the authority to regulate speed as not including the authority to ban types of vessels.
We note that the Town Law was amended to authorize regulation of the size and horsepower of motors on boats in four counties. The Navigation Law has been amended on numerous occasions to establish regulations applicable on specific bodies of water. Navigation Law §§ 44-a, et seq. You might consider proposing State legislation to regulate boating on Chenango Lake.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General